## In the Matter of RICHMOND CUSTOM HOMES, INC., Bankrupt.

### Bankruptcy No. 79–00985.

United States Bankruptcy Court,
W. D. Wisconsin.

March 2, 1982.

Michael C. Ablan, Joanis, Davis, Ablan & Joanis, La Crosse, Wis., for debtor.

John Flynn, Steele, Klos & Flynn-Chartered, La Crosse, Wis., for Bank of Stoddard.

Jerry Armstrong, Madison, Wis., for trustee.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

A hearing on Attorney Michael Ablan's motion to be permitted to prosecute two account collections under a contingent fee agreement with the debtor was held on February 24, 1982, in La Crosse, Wisconsin. Mr. Ablan appeared on his own behalf, Attorney John Flynn appeared for the Bank of Stoddard, and Attorney Jerry Armstrong appeared as and for the trustee. Both the Bank of Stoddard and the trustee resisted the motion. The Bank of Stoddard contended that it received the accounts receivable as collateral for its loan to the bankrupt and by virtue of an order of this court dated March 21, 1980, was therefore not bound by the bankrupt's agreement with Mr. Ablan. The Bank requested, in response to the motion, a turnover of the accounts held by Mr. Ablan. The trustee resisted the motion contending that the bankrupt's contract with Mr. Ablan was executory and not having been affirmed within sixty days was, pursuant to § 70(e) of the Bankruptcy Act, null and void.

The parties agree that on July 19, 1979, the bankrupt entered into written contracts with Mr. Ablan for the collection of accounts owned by James and Jeanine Callahan and Thomas Noelke. Each contract provided for contingent fees on collection of 33⅓ percent of the amount recovered and 40 percent of any amount recovered if an appeal is taken by either side. No collection of either account had been made by Mr. Ablan prior to the filing of this bankruptcy proceeding nor has any collection of either account been made to date.

There can be no question that the contracts in question were fully executory in nature at the time of filing and remain executory to date. There have been no proceeds from collection against which a lien in favor of Mr. Ablan could attach. As this case is controlled by the Bankruptcy Act, we must make reference to § 70(b) which provides,

> The trustee shall assume or reject an executory contract, including an unexpired lease of real property, within sixty days after the adjudication or within thirty days after the qualification of the trus-

tee, whichever is later, ... Any such contract or lease not assumed or rejected within that time shall be deemed to be rejected.

There is no evidence in this case of any steps taken by the trustee to assume the contracts in question.[1] The contract having not been assumed, it is deemed pursuant to § 70(b) of the Bankruptcy Act to be rejected by the trustee.

The order of this court dated March 21, 1980, provided for an assignment of the accounts receivable to the Bank of Stoddard for possible liquidation and compromise of each claim. It was specifically provided that no claim should be compromised without prior approval of the trustee. In its capacity as collector for the trustee, the Bank of Stoddard cannot be bound by the executory contract which was rejected by the trustee.

Upon the foregoing which constitute my findings of fact and conclusions of law, it is hereby

ORDERED that Michael Ablan turn over the accounts receivable in his possession to the Bank of Stoddard for further collection, and it is further

ORDERED that the accounts so turned over shall not be encumbered by a lien or contract obligation in favor of Michael Ablan.

---

1. For a thorough discussion of contingent fee claims as executory contracts under the Bankruptcy Act, see *In Re Innkeepers of New Castle, Inc.,* 671 F.2d 221 (7th Cir. 1982).